FILED
U.S. DISTRICT COURT

2007 JUN 13  P 1: 40

DISTRICT OF UTAH

BY:_____
    DEPUTY CLERK

IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TRACY J. ERCANBRACK, <br><br> Plaintiff, | ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND DISMISSING CASE |
| vs. | |
| WASHINGTON COUNTY, WASHINGTON COUNTY SHERIFF'S DEPARTMENT, PURGATORY CORRECTIONAL FACILITY, <br><br> Defendants. | Case No. 2:06-cv-00313 |

On March 14, 2007, the defendants filed a motion for summary judgment in this matter. Although the plaintiff's memorandum in opposition to this motion was due April 13, 2007, the plaintiff has filed no opposition. Because of this and because of the failure of the plaintiff's counsel to follow the court's orders, the court grants the defendants' motion for summary judgment and dismisses this case.

To briefly trace the history of this case, on August 22, 2006, Judge Nuffer ordered Jay Spillers, counsel for the plaintiff, to either register as an electronic filer or be removed from

participation in the case.[1] After Mr. Spillers failed to register, Judge Nuffer ordered Mr. Spillers to show cause as to why he should not be barred from participation in this case for failing to follow the court's rules.[2] To this end, Judge Nuffer presided over a hearing on April 20, 2007. Because the plaintiff's opposition to the defendants' motion for summary judgment was due April 13, 2007, the plaintiff's failure to file an opposition was addressed at this hearing.

In the end, in addition to the filing discussions, Judge Nuffer ordered defense counsel to serve Mr. Spillers with a copy of the defendants' motion for summary judgment and supporting memorandum. Judge Nuffer also ordered Mr. Spillers to respond to the defendants' motion by May 18, 2007. As of May 18, 2007, Mr. Spillers had filed no response to the defendants' motion. In light of this, on May 31, 2007, the court ordered Mr. Spillers to show cause as to why it should not grant the defendants' motion for summary judgment due to his non-opposition. The court ordered Mr. Spillers to respond within ten days. This ten days has no expired, and the only response Mr. Spillers has filed consists of a one page document entitled, "Opposition Motion to Defendant's Motion for Summery Judgment." In whole, this document states:

> COMES NOW, Plaintiff, through Counsel, in opposition to Defendant's Motion for Summery Judgment stating that there is no legal grounds upon which Defendant should be granted Summer Judgement. Plaintiff will more fully outline his opposition in Supporting Memorandum. Plaintiff would request that a hearing be set to provide Oral Argument in this matter.[3]

Mr. Spillers filed no supporting memorandum with this motion, and he has filed no such memorandum since then.

---

[1] *See* Docket No. 17.

[2] *See* Docket No. 25.

[3] Opp'n Mot. 1 (Docket No. 29).

This response neither satisfies the court's demand that Mr. Spillers show cause as to why it should not grant the defendants' motion for summary judgment, nor constitutes an opposition to the defendants' motion. Instead, it amounts to another failure by Mr. Spillers to respond to the court's orders in this case. A bald statement that there are no legal grounds for a grant of summary judgment simply fails to qualify as any kind of opposition to the defendants' motion. It is not the job of the court or of the defendants to make the plaintiff's arguments for him, and the court deems arguments not addressed in an opposition to be abandoned.[4] For these reasons, the court finds it proper to grant the defendants' motion for summary judgment [#21] and to dismiss the case. The clerk's office is directed to enter judgment accordingly and to close the case.

DATED this 13 day of June, 2007.

BY THE COURT:

Paul G. Cassell
United States District Judge

---

[4] See *Buckly Constr., Inc. v. Shawnee Civic & Cultural Dev. Authority*, 933, F.2d 853, 855 n.2 (10th Cir. 1991); *O'Connor v. City & County of Denver*, 894 F.2d 1210 1214 (10th Cir. 1990).